UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT BOWLING GREEN
CIVIL ACTION NO. 1:07CV173-J

BEVERLY PENNINGTON                                                                  PLAINTIFF

VS.

MICHAEL J. ASTRUE,
Commissioner of Social Security                                                     DEFENDANT

## MEMORANDUM OPINION

Before the Court is the complaint of Beverly Pennington ("Plaintiff") seeking judicial review of the final decision of the Commissioner pursuant to 42 U.S.C. Section 405(g) denying her claim to disability insurance benefits and supplemental security income payments. After examining the administrative record ("Tr."), the arguments of the parties, and the applicable authorities, the Court is of the opinion that the decision of the defendant Commissioner should be vacated and the matter remanded for further proceedings.

## PROCEDURAL HISTORY

In September of 2003, Claimant filed application for disability insurance benefits, alleging that she became disabled as of August 16, 2003. After a hearing, Administrative Law Judge Roger Reynolds ("ALJ") determined that Ms. Pennington's chronic neck and low back pain secondary to degenerative disc disease, right side hemiparesis, status post mild brainstem infarct, obesity, PUD with history of large bleeding ulcer and corrective surgery and non-insulin dependent diabetes were severe impairments that prevented her from returning to any of her past relevant work. The ALJ further found that he retained the residual functional capacity for a significant range of light work

and a significant number of jobs. This became the final decision of the Defendant when the Appeals Council denied review on August 31, 2007.

## STANDARD OF REVIEW

The task of this Court on appellate review is to determine whether the administrative proceedings were flawed by an error of law, and to determine whether substantial evidence supports the decision of the Commissioner. Elam v. Commissioner, 348 F.3d 124 (6th Cir. 2003). "Substantial evidence" exists if there is sufficient evidence from which reasonable minds could arrive at the challenged conclusion. N.L.R.B. v. Columbian Enameling and Stamping Co., 306 U.S. 292 (1939); Foster v. Bowen, 853 F.2d 483 (6th Cir. 1988). The substantial evidence standard presupposes that there is a "zone of choice within which the decisionmakers can go either way," and this Court is not permitted to reverse a decision merely because substantial evidence would have supported the contrary decision. Mullen v. Bowen, 800 F.2d 535, 545 (6th Cir. 1986).

## ARGUMENTS ON THIS APPEAL

Plaintiff argues that the ALJ erred as a matter of law in conducting his analysis of the credibility of her testimony. A significant consideration in the evaluation of pain is the credibility of the claimant, given that tolerance of pain is very much an individual matter. Villareal v. Secretary, 818 F.2d 461, 463 (6th Cir. 1987). "Determination of credibility related to subjective complaints of pain rests with the ALJ and the ALJ's opportunity to observe the demeanor of the claimant ... is invaluable and should not be discarded lightly." Gaffney v. Bowen, 825 F.2d 98, 101 (6th Cir. 1987). "[A]n ALJ's findings based on the credibility of the applicant are to be accorded great weight and deference, particularly since an ALJ is *charged with the duty of observing a witness's demeanor and credibility*." Walters v. Commissioner, 127 F.3d 525, 531 (6th Cir. 1997).

An "ALJ may distrust a claimant's allegations of disabling symptomatology if the subjective allegations, the ALJ's personal observations, and the objective medical evidence contradict each other." Moon v. Sullivan, 923 F.2d 1175, 1183 (6th Cir. 1990). Stated another way, "discounting credibility to a certain degree is appropriate where an ALJ finds contradictions among the medical reports, claimant's testimony, and other evidence." Walters v. Commissioner, 127 F.3d 525, 532 (6th Cir. 1997).

Nonetheless, the ALJ's credibility assessment must be supported by substantial evidence. Walters v. Commissioner, 127 F.3d 525 (6th Cir. 1997). Furthermore, if the ALJ rejects the claimant's testimony as not credible, he or she must state reasons for doing so. Auer v. Secretary, 830 F.2d 594, 595 (6th Cir. 1987).

SSR 96-7p provides instruction on credibility evaluation as follows:

> In general, the extent to which an individual's statements about symptoms can be relied upon as probative evidence in determining whether the individual is disabled depends on the credibility of the statements. In basic terms, the credibility of an individual's statements about pain or other symptoms and their functional effects is the degree to which the statements can be believed and accepted as true. When evaluating the credibility of an individual's statements, the adjudicator must consider the entire case record and give specific reasons for the weight given to the individual's statements.

20 C.F.R. § 404.1529(c) describes the kinds of evidence, including the factors below, that the adjudicator is to consider in addition to the objective medical evidence when assessing the credibility of an individual's statements:

1) Daily activities;

2) The location, duration, frequency, and intensity of pain or other symptoms;

3) Precipitating and aggravating factors;

3

      4)      The type, dosage, effectiveness, and side effects of any medication taken to alleviate your pain or other symptoms;

      5)      Treatment, other than medication, received for relief of pain or other symptoms;

      6)      Any measures used to relieve pain or other symptoms (e.g., lying flat on the back, standing for 15 to 20 minutes every hour, sleeping on a board, etc.); and

      7)      Other factors concerning functional limitations and restrictions due to pain or other symptoms.

In this case, the ALJ stated, "The undersigned finds the claimant's allegations regarding her limitations are not totally credible for the reasons set forth in the body of the decision." Tr. 31. At Tr. 25, the "body of the decision" recites claimant's testimony concerning her low back and neck pain, her tendency to fall due to nerve dysfunction in her right leg, her spending most of the time on the couch, and that the worst pain is caused by walking and riding in the car. In discussing her medical history, the ALJ included information regarding her complaints to physicians concerning back pain and noted the instances in which she was and was not using a cane. Tr. 26-27. The ALJ concluded that claimant has chronic neck and low back pain secondary to degenerative disc disease of the lumbar and cervical spine. Tr. 28. The decision discussed the opinion of Dr. Aaron, her treating physician, but dismissed it as based on Ms. Pennington's "subjective complaints." Tr. 29. The decision then proceeded to a determination of residual functional capacity ("RFC") and consideration of whether jobs exist consistent with that RFC. Tr. 30.

Thus, although the ALJ found the existence of an impairment that would produce chronic neck and low back pain, at no point in the decision did he explicitly provide reasons for rejecting her testimony regarding the severity of her pain. He did not discuss any of the factors set out in 20 C.F.R. § 404.1529( c), and did not "give specific reasons for the weight given to the individual's statements" as required by SSR 96-7p. Defendant has attempted to point to factors that might

support a credibility determination, but the law requires that the ALJ conduct the analysis, make the determination, and set out her or his reasoning. The ALJ's failure to show satisfaction of these responsibilities constitutes an error of law that requires remand for further proceedings.

    An order in conformity has this day entered.